IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, KANSAS, ALEJANDRO RANGEL-LOPEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> DEBORAH COX, FORD COUNTY CLERK, in her official capacity, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 2:18-cv-02572-DDC |

**PLAINTIFFS' RESPONSE TO MOTION FOR IMMEDIATE TRANSFER TO
<u>WICHITA DIVISION</u>**

Plaintiffs submit the following response to Defendant's Motion for Immediate Transfer to Wichita Division and Accelerated Consideration of the Motion, ECF No. 13.

During the status conference yesterday, counsel for Defendant indicated that he had no objection to the case remaining assigned to the docket of Judge Crabtree and simply designating Wichita as the place of trial and hearings. Plaintiffs do not oppose this request. Given the urgent need for resolution of Plaintiffs' pending motion for an emergency temporary restraining order, the transfer and reassignment of the case under D. Kan. Rule 40.1 would be inefficient and cause undue delay in the case.

Despite the fact that Defendant styled her motion as a request for immediate transfer of this matter to the Wichita Division, Defendant's motion argues only that Wichita should be set as

1

the place for trial pursuant to D. Kan. Rule 40.2(e). ECF No. 14, at 3. Further, based on statements made during yesterday's status conference, Defendant apparently does not seek transfer of the matter to the Wichita division but only to have Wichita set as the place for trial. The distinction is significant, since transfer guarantees that the case will be reassigned, D. Kan. Rule 40.1.  That would substantially delay Plaintiffs' ability to obtain injunctive relief and would be an inefficient use of judicial resources.

As Defendant's acknowledge, ECF No. 14, at 8, transferring the case to the Wichita Division "is not necessary in order to hold a trial there." *See LeTourneau v. Venture Corporation*, Case No. 15-2629-JAR, 2018 U.S. Dist. LEXIS 8717, at *3 (D. Kan. Jan 19, 2018). Under D. Kan. Rule 40.2, trial can be designated in a different location than the division where the case has been assigned. *See Heavy Petroleum Partners, LLC v. Atkins*, Case No. 09-1077-EFM, 2010 U.S. Dist. LEXIS 5747 (D. Kan. Jan 25, 2010), at *8-*9 n.8 ("the case will remain in Wichita with the undersigned judge. The undersigned judge will also conduct the trial in this case, if it proceeds to trial, in Topeka"); *Mack v. Hawker Beechcraft Corp.*, Case No. 07-2118-JAR, 2007 U.S. Dist. LEXIS 69738 (D. Kan. Sept. 19, 2007), at *6 (assigning Wichita as the place for trial without otherwise transferring the case); *id.* at *2 n.2 ("the undersigned judge currently has several social security appeals that were filed in Kansas City […] and will ultimately be ruled upon by the undersigned judge in Topeka").

This being the case, and being that there is no objection from Defendant, Plaintiffs ask the Court not to formally transfer this case to the Wichita Division, but rather designate Wichita as the site for trial due to its proximity to Dodge City, in comparison to Kansas City. If the case were transferred, the matter would be reassigned to a judge in that Division, restarting the Court's review of Plaintiffs' request for emergency relief.

In an abundance of caution, Plaintiffs also note that formal transfer of this case is not warranted. D. Kan. Rule 40.1 provides that case assignments should be "in the interest of justice or efficient disposition of the business of the court." Here, transfer and reassignment of the case would compromise both of these objectives. While it appears the Court does not intended to transfer the case prior to resolving the pending motion for a temporary restraining order, Plaintiffs note that doing so would delay resolution and reduce the time voters would have to receive notice of relief. Further, reassignment of the case after the TRO proceedings would be inefficient. This Court has already taken great care to become familiar with the facts, legal arguments, and requested relief in this case. Following the TRO hearing, this Court will be even more acquainted with the merits of the case. A new judge would be starting over from scratch. Further, transferring the case would do nothing to promote efficiency. *Lipsey v. Cessna*, Case No. 07-2279-KHV, 2007 U.S. Dist. LEXIS 76379 (D.Kan. Oct. 12, 2007) at *2-*3 ("where the parties 'docket' matters little"). With electronic filling and telephonic conferences, docketing and maintenance issues can be handled by parties remotely. *Id.* at *3.

In conclusion, Plaintiffs do not oppose Defendant's motion to designate Wichita as the place of trial in this case. However, Plaintiffs request that the Court not transfer the case to the Division of Wichita. A transfer is not necessary to resolve Defendant's witness accessibility concerns nor would it be in the best interests of justice and efficiency.

Respectfully Submitted,

/s/ Lauren Bonds
Lauren Bonds, KS Sup. Ct. No. 27807
Zal Kotval Shroff KS Sup. Ct. No. 28013
ACLU FOUNDATION OF KANSAS
6701 W. 64th St., Suite 210
Overland Park, KS 66202

Phone: (913) 490-4110
Fax: (913) 490-4119
lbonds@aclukansas.org
zshroff@aclukansas.org

Mark P. Johnson KS 22289
DENTONS US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
816-460-2400
FAX 816-531-7545
mark.johnson@dentons.com

SOPHIA LIN LAKIN*
ADRIEL I. CEPEDA DERIEUX*
DALE E. HO*
American Civil Liberties Union Foundation, Inc.
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-7836
slakin@aclu.org
acepedaderieux@aclu.org
dale.ho@aclu.org

*application for pro hac vice forthcoming

ATTORNEYS FOR THE PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 30, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will will send a notice of electronic filing to all attorneys of record in this case.

Dated: October 30, 2018

/s/ Lauren Bonds